```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT


LAMOILLE SOUTH SUPERVISORY UNION,    :
                                     :
              Plaintiff,             :
                                     :
         v.                          : File No. 1:10-cv-00031-jgm
                                     :
METROPOLITAN LIFE INSURANCE          :
COMPANY, SUZANNE TOWNE, and          :
JEFFREY LANCASTER,                   :
                                     :
              Defendants.            :
_____:
```

        RULING ON DEFENDANT TOWNE'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND ORDER FOR FURTHER SUBMISSIONS
              ON MOTION TO ENFORCE SETTLEMENT
                         (Doc. 5)

I.   Ruling on Motion to Dismiss

   Defendant Suzanne Towne has moved to dismiss Lamoille South Supervisory Union's suit against her under Federal Rule of Civil Procedure 12(b)(2) on grounds this Court lacks personal jurisdiction.  For the reasons that follow, her motion is GRANTED.

     A.   Background

   Lamoille South Supervisory Union's Complaint in this diversity action asserts Metropolitan Life Insurance Co. ("Met Life") mistakenly distributed $100,000 in life insurance proceeds to the wrong beneficiary when MetLife policy holder, Margot Tormey, died.  Ms. Tormey, a Vermont resident, had been an employee of the Stowe Town School District, and the District is a

member of the Lamoille South Supervisory Union.  Lamoille is based in Morrisville, Vermont and sponsored Tormey's policy.  Lamoille had misplaced Tormey's most recent change-of-beneficiary form, which named Tormey's brother, Defendant Jeffrey Lancaster, as primary beneficiary under the policy, and instead presented MetLife with an older beneficiary form naming Tormey's sister, Defendant Suzanne Towne.  In October 2008, MetLife, a New York corporation with its principal place of business in New York, issued the insurance proceeds to Ms. Towne and notified her via U.S. mail at her residence in New Hampshire.  (Doc. 5-2.)

Lamoille subsequently discovered it had misfiled the latest change-of-beneficiary designation executed by Ms. Tormey and had incorrectly identified Ms. Towne to MetLife as the beneficiary.  Lamoille wrote to Ms. Towne at her New Hampshire residence on September 14, 2009 to inform her of the mistake and to request that she keep the funds in trust until the matter could be resolved.  (Doc. 5-4.)

Lamoille's Complaint asserts causes of action for declaratory judgment and restitution against MetLife, Ms. Towne and Mr. Lancaster, and a cause of action for unjust enrichment against Ms. Towne.  Mr. Lancaster filed a Counterclaim against Lamoille seeking declaratory judgment that he, as rightful beneficiary under the life insurance policy, is entitled to immediate payment of the proceeds by Lamoille.

Lamoille's Complaint does not recite any connection between Ms. Towne and Vermont, and Lamoille does not support its Opposition to Towne's Motion to Dismiss with any documentary evidence.  The only reasons Lamoille advances in support of its arguments for personal jurisdiction are that Ms. Tormey lived in Vermont, paid premiums in Vermont, and because the policy, which named Towne as beneficiary at one point, had a connection to the state of Vermont, Vermont has a manifest interest in providing redress in this case.

B.   Discussion

Ms. Towne asserts that she has no contacts with Vermont and has not committed any wrong in Vermont to support personal jurisdiction.  Prior to discovery, a plaintiff's prima facie showing of personal jurisdiction over a defendant "may be established solely by allegations."  Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).  Absent an evidentiary hearing on the jurisdictional allegations, "all pleadings and affidavits are construed in the light most favorable to plaintiff."  Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985).

Vermont's long-arm jurisdiction statute, title 12, section 913(b) of the Vermont Statutes Annotated, "confers jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause."  Dall v. Kaylor, 658 A.2d 78, 79 (Vt. 1995).

3

Due process requires this Court to consider (1) whether the defendant has sufficient "minimum contacts" with the forum state, and (2) if such contacts exist, whether jurisdiction based on those contacts comports with "traditional notions of fair play and substantial justice," and therefore is reasonable under the circumstances of the particular case.  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567-68 (2d Cir. 1996) (citing and quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Jurisdiction over an out-of-state defendant may be "specific" or "general."  Specific jurisdiction exists when a suit arises out of, or is related to, the defendant's contacts with the forum.  Id.  General jurisdiction is based on the defendant's general business contacts with the forum state; it is not related to the events giving rise to the suit and requires plaintiff to demonstrate "continuous and systematic general business contacts."  Id. at 568 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)).

Here, Lamoille has failed to allege or aver sufficient facts to justify an assertion of jurisdiction over Ms. Towne.  Ms. Towne lives in New Hampshire and has initiated no contacts with Vermont.  She is merely the former beneficiary, and now the recipient, of the proceeds of a life insurance policy issued to her sister, a Vermont resident, and she received correspondence

alerting her to the error from Lamoille, the Vermont-based union sponsoring the policy. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Rather, a defendant must purposefully avail himself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. Here, the facts that Ms. Towne was Ms. Tormey's sister, that she was formerly named a beneficiary by Ms. Tormey, a Vermont resident, and mistakenly received funds from a policy sponsored by Lamoille in Vermont, is not enough to establish contact with the forum state such that this Court should assert personal jurisdiction over Towne. These facts concern unilateral activity by Ms. Tormey and Lamoille and do not evidence Ms. Towne's contacts or connection with Vermont.

In Mueller v. Mueller, an Illinois district court declined to exercise jurisdiction in similar circumstances, reasoning that "the fortuity of having been made a beneficiary of a life insurance policy" was insufficient to confer personal jurisdiction over a non-resident beneficiary who had no other contacts with the forum. Mueller, No. 02 C 488, 2002 WL 338874, * 1-2 (N.D. Ill. Mar. 4, 2002). In Mueller, a life insurance policy holder's ex-wife claimed a constructive trust over insurance proceeds issued to her ex-husband's new wife because an

Illinois divorce decree required the ex-husband to maintain life insurance naming his children from the first marriage as beneficiaries.  Id.  The Mueller court declined to exercise jurisdiction over the new wife, who resided in Florida, where the only ground asserted for jurisdiction was her relationship to the deceased policyholder, who had contacts with Illinois.  Id.  The court cited the Supreme Court's decision in Rush v. Savchuk for the proposition that a mere relationship with a party who has contacts with the forum is not a sufficient basis for jurisdiction.  See Rush, 444 U.S. 320, 331-32 (1980) (noting that while "parties' relationships with each other may be significant in evaluating their ties to the forum," the requirement of minimum contacts "must be met as to each defendant over whom a state court exercises jurisdiction" ).

Furthermore, while Towne's receipt and acceptance of funds from MetLife may conceivably be grounds for a New York court to exercise jurisdiction over her, see In the Matter of Casey, 536 N.Y.S.2d 158 (N.Y. App. Div. 1988) (asserting jurisdiction over a non-resident mistaken beneficiary of a New York decedent's estate who engaged in substantial communications with the forum regarding the funds and solicited their distribution), Towne did not initiate purposeful contacts or communications with Vermont in this case by receiving funds from a New York-based insurance company.

Accordingly, Lamoille's claims against Ms. Towne are DISMISSED for lack of personal jurisdiction.

II. <u>Order for Further Submissions on Motion to Enforce Settlement</u>

Plaintiff/Third-Party Defendant Lamoille South Supervisory Union has moved for an order enforcing a settlement of this litigation with the Defendants.  (Doc. 26.)  Because the parties' memoranda of law refer to oral communications not evidenced by affidavits or other supporting documents, any supporting documents shall be filed <u>on or before November 10, 2010</u>.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 27th day of October, 2010.

<u>/s/ J. Garvan Murtha</u>
Honorable J. Garvan Murtha
Senior U.S. District Judge