```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT


LAMOILLE SOUTH SUPERVISORY UNION,    :
                                     :
            Plaintiff,               :
                                     :
       v.                            :  File No. 1:10-cv-00031-jgm
                                     :
METROPOLITAN LIFE INSURANCE          :
COMPANY and JEFFREY LANCASTER,       :
                                     :
            Defendants.              :
                                     :
_____ :
                                     :
JEFFREY LANCASTER,                   :
                                     :
            Counter-Claimant,        :
                                     :
       v.                            :
                                     :
LAMOILLE SOUTH SUPERVISORY UNION,    :
                                     :
            Counter-Defendant.       :
                                     :
_____ :
```

           RULING ON JEFFREY LANCASTER'S MOTION FOR SUMMARY JUDGMENT
                               (Doc. 15)

   Defendant/Counter-Claimant Jeffrey Lancaster ("Lancaster") moves for summary judgment, requesting the Court issue an order declaring him the proper beneficiary of Margot Tormey's life insurance policy and further ordering immediate distribution by Lamoille South Supervisory Union ("Lamoille") of the policy proceeds to him.  For the reasons that follow, the motion is granted in part and denied in part.  Lancaster is the proper beneficiary, but Lancaster has not named the proper party for the

relief he seeks, because only Metropolitan Life Insurance Co. ("MetLife"), the insurer, can disburse insurance proceeds to him.

I.   Background

Margot Tormey died on July 26, 2008. She had been an employee of the Stowe Town School District, which is a member of the Lamoille South Supervisory Union. (Doc. 15-2.) Lamoille sponsored Tormey's $100,000 life insurance policy with MetLife, a New York corporation. MetLife administers the Group Life Insurance Plan available to union employees. (Aff. John G. Pike, Doc. 33 ¶ 3.) On September 5, 2000, Tormey executed a Designation of Beneficiary form naming her sister, Suzanne Towne, as primary beneficiary under the policy. On November 22, 2004, Tormey executed a new Designation of Beneficiary form naming her brother, Jeffrey Lancaster, the new primary beneficiary. Designation of Beneficiary forms are provided to Lamoille by MetLife. (Id. at ¶ 4.) The Plan requires Lamoille to give notice of Designation of Beneficiary forms to MetLife. (Id. at ¶ 5.)

At Tormey's death, Lamoille could only locate the older September 5, 2000 form and presented it to MetLife, which then distributed $100,000 in life insurance proceeds to Suzanne Towne. Towne received a letter from MetLife dated October 10, 2008, notifying her of the distribution. (Doc. 5-2.) Lamoille sent correspondence to Ms. Towne almost a full year later, on

September 14, 2009, notifying her of its error in providing MetLife with the incorrect Designation of Beneficiary form and requesting that she hold the funds in trust until the matter could be resolved.  (Doc. 5-3.)

Lamoille brought this diversity action against Defendants, seeking a declaration of the parties' rights and to compel Ms. Towne to return the funds.  Lancaster counterclaimed against Lamoille, requesting declaratory judgment that as proper beneficiary of Tormey's life insurance policy he is entitled to immediate payment of the proceeds by Lamoille, and requesting award of litigation costs and attorney fees.  (Doc. 14 ¶¶ 2, 3.)  Lancaster moved for summary judgment on his counterclaim.  (Doc. 15.)

Lamoille answered Lancaster's counterclaim (Doc. 21), but sought an extension of time to respond to the summary judgment motion so the parties could attempt to settle the counterclaim.  (Doc. 23.)  Attempts at settlement failed, and following this Court's denial of a motion to enforce settlement, on grounds the parties had not fully executed a settlement agreement, Lamoille was ordered to respond to the summary judgment motion, and did so on December 28, 2010.  (Doc. 32.)  Lancaster has not filed a reply.

II.  Discussion

Although Lancaster is entitled to a declaration he is the proper beneficiary under Tormey's MetLife policy, Lancaster's request for a declaration he is entitled to immediate payment of life insurance proceeds by Lamoille does not state a claim entitling him to relief because he has not named the proper party.

Federal Rule of Civil Procedure 56(c) provides summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the facts are viewed in the light most favorable to the non-movant.  <u>Williams v. R.H. Donnelley Corp.</u>, 368 F.3d 123, 126 (2d Cir. 2004).

Lancaster is entitled to a judgment declaring him the proper beneficiary under the MetLife policy.  Lamoille concedes Lancaster is the proper beneficiary under the Tormey policy, as evidenced by Ms. Tormey's Nov. 22, 2004 Designation of Beneficiary form provided to Lamoille, MetLife's agent.  (<u>See</u> Lamoille's Memorandum in Opposition to Summary Judgment (Doc. 32 at 2); <u>see also</u> Aff. of John G. Pike (Doc. 33 ¶ 5) (averring Lamoille has a duty under Plan to give notice of Designation of Beneficiary forms to MetLife); and Nov. 22, 2004 Designation of

Beneficiary form provided to Lamoille (Doc. 32-3).)  No evidence to the contrary has been presented, and there are no genuine issues of material fact precluding declaratory judgment on this issue.

With respect to Lancaster's motion for judgment declaring he is entitled to payment of insurance policy proceeds from Lamoille, Lamoille argues it was acting as MetLife's agent when it processed Tormey's Designation of Beneficiary forms (Doc. 32 at 3) and Lancaster could only properly assert a claim for payment of insurance proceeds against MetLife, the insurer. Lamoille also suggests that, as an agent, it cannot be liable for the allegations in Lancaster's complaint that Lamoille "refused to effectuate distribution of the life insurance proceeds" and "wrongfully withheld" the life insurance proceeds from Lancaster. (Doc. 32 at 4, 5.)

To the extent Lancaster seeks a declaration he is entitled to payment of insurance policy proceeds from Lamoille, he has not named the proper party for such relief.  Only MetLife, as insurer, can issue policy proceeds.  See Jenkins v. Farmington Cas. Co., 979 F. Supp. 454, 457 (S.D. Miss. 1997) (holding agent who was not a party to insurance contract was not liable under the contract to pay insurance benefits); cf. Hamill v. Pawtucket Mut. Ins. Co., 179 Vt. 250, 255 (2005) (rejecting negligence claim against adjustor whose inspection allegedly deprived

insured of benefit of insurance, on grounds "liability for purely economic loss generally requires privity between the parties").

This Court will not address whether Lancaster is entitled to judgment on claims he has not asserted against Lamoille or MetLife; these claims are not before the Court.

III. Conclusion

Lancaster's motion for a declaration he is the proper beneficiary under Margot Tormey's MetLife life insurance policy is GRANTED.  Lancaster's motion for a declaration he is entitled to payment by Lamoille of life insurance proceeds under Margot Tormey's Metlife policy is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of February, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge